No. 2649.—OWNERS OF THE STEAMER GENERAL QUITMAN v. JOHN Q. PACKARD.—OBER, ATWATER & Co., Intervenors

The factor or commission merchant has a lien and privilege on the crop for moneys advanced to aid in making it. Acts of 1867, p. 351.

Where the appeal is taken for delay only, damages will be awarded the appellee for frivolous appeal.

APPEAL from Thirteenth District, Parish of Tensas. *Hough*, J. *Farrar & Reeves*, for plaintiffs and appellees. *Julius Aroni*, for intervenors and appellants.

WYLY, J. The intervenors have appealed from a judgment in favor of the plaintiffs and against the defendant, recognizing their privilege on the crops sequestered for the cash and supplies furnished to produce the same during the year 1868.

The evidence shows, beyond doubt, the correctness of the plaintiffs' demand, and that they have a privilege on the crops seized, superior to the intervenors, who show no privilege whatever.

The case of Willis Wood, administrator, *v.* L. C. Calloway—H. K. Carter, third opponent, 21 An. 471, relied on by the intervenors and appellants, to show that no privilege is allowed on the crop for money advanced to the planter, does not sustain their position in this case.

At the time that case arose, which was prior to the act of twenty-eighth of March, 1867, the law allowed no privilege for cash advanced to produce the crop; but in the case before us, an account is sued on for money advanced and supplies furnished to produce the crop of 1868. Under the statute of 1867, referred to, the privilege exists as well for cash actually advanced, as supplies furnished to make the crop. Acts 1867, p. 351. The evidence fully refutes the charge of collusion and fraud between the plaintiffs and the defendant. The plaintiffs have prayed for damages against the intervenors for taking a frivolous appeal, and we think they should be awarded them.

It is therefore ordered that the judgment appealed from be affirmed, with costs; and it is further ordered that plaintiffs recover of the intervenors one hundred and fifty dollars damages for frivolous appeal.

Rehearing refused.